**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOHN NOTTINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06-cv-474-SEB-VSS |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**E N T R Y**

The plaintiff's request to proceed *in forma pauperis* is **denied and this action is dismissed.** The reasons for this disposition are the following:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2. The State of Indiana is one of the three defendants in this action. Under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation. *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985). No consent or congressional abrogation has been alleged here. Although the other defendants are two Indiana counties and are not entitled to Eleventh Amendment immunity, no claim is asserted which would make them liable under the doctrine recognized in *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978), which is to say "when execution of [a municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."

3. In short, the complaint fails to state a viable claim against any of the three defendants, and hence must be dismissed at this early point regardless of the plaintiff's financial circumstances.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 03/24/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana